# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50002 | **DATE** | 11/5/2004 |
| **CASE TITLE** | B. Milborn & Assoc. vs. Trident | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Following an Order of Default Judgment against Defendant, this matter was referred to the Magistrate Judge for a hearing on damages. For the reasons stated on the attached, it is the Report and Recommendation of the Magistrate that Plaintiff be awarded $123,924.70 in compensatory damages, that the compensatory damages be trebled, plus $5,000.00 in attorney's fees and costs to be determined at a later date, totaling $376,774.10 plus costs. Parties are given ten days from service, as calculated under Rule 6, to file objections with Judge Reinhard, pursuant to FRCP 72. Objections need not be presented as stated in LR. 5.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | 11-8-04 date docketed | 32 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| ✓ | Copy to judge/magistrate judge. | | | 11/5/2004 date mailed notice | |
| AM | courtroom deputy's initials | Date/time received in central Clerk's Office | | GG7 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| B. MILBORN & ASSOCIATES, an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 03-C-50002 |
| TRIDENT PRESS INTERNATIONAL, INC., a Florida Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

B. Milborn & Associates ("Plaintiff") has moved for an entry of an award of damages pursuant to the district court's Order of Default on its claims against Trident Press International, Inc. ("Defendant") for breach of contract and for violation of the Illinois Sales Representative Act ("Illinois Act"), 820 ILL. COMP. STAT. 120/3.[1] Defendant was allowed to participate in the October 28, 2004, hearing on damages pursuant to Federal Rule of Civil Procedure 55. While the entry of default deprives Defendant of the right to contest the factual allegations of the complaint, default does not prevent Defendant from appearing to challenge the amount of damages.

Plaintiff maintains that it is entitled to $164,900.00 in commissions (past due since September, 2002), treble damages pursuant to the Illinois Act totaling $494,700.00, and costs, for a gross sum of $659,600.00 plus costs. Defendant contests the commission payment amount

---

[1]This matter is before the Magistrate Judge for Report and Recommendation pursuant to Rule 72(b) and 28 U.S.C. § 636(b)(1)(B).

1

owed to Plaintiff. In addition to protesting the $164,900.00 figure, Defendant argues that Plaintiff is not entitled to treble damages under the Illinois Act because Plaintiff has not alleged nor shown the element of willful and wanton conduct, as the Act has been interpreted to require. *See Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569 (7th Cir. 1995); *Hedrick-Walker Assoc., Inc. v. Viktron Tech., Inc.*, 878 F. Supp. 119 (N.D. Ill. 1995).

**A. Compensatory Damages Analysis**

In this case, compensatory damages are set by the parties' own sales contract. The parties entered into a Sales Representative Agreement dated June 1, 2001, whereby "Trident Press International Inc." and "B.Milborn & Associates, Inc." agreed that Plaintiff would render sales services for Defendant, and that commission payments to Plaintiff would be "10 % on 'Net Sales' to retailers." Though the parties contest the proper name of Defendant in this case, Defendant's Rule 60(a) Motion to Correct Name of Defendant will be decided by the district court. However, it would be the Report and Recommendation of the Magistrate Judge that judgment be entered against Trident Press International Inc. as this is the named entity in the parties' sales contract.

Plaintiff's Motion for Damages alleges a $164,900.00 commission, but no break-down of the figure was provided, nor could such an amount be deduced from the documentation provided. Defendant, though it contested the $164,900.00 figure, never proposed an alternative figure or provided documentation suggesting Plaintiff's figure was inaccurate.

At the October 28, 2004, hearing, however, Plaintiff alleged it was owed commissions

based on sales to Target, CVS, ShopRite, and Kroger.[2] Nevertheless, Plaintiff was only able to offer a solid figure for its Target account, alleging that it was owed $123,924.66 in commissions, based on ten percent of a net sale to Target totaling $1,239,246.60. In addition, at the October hearing, Plaintiff's Exhibit Four (a copy of Defendant's Answers to Interrogatories) was introduced and taken judicial notice of by the court. In interrogatory number four, Defendant confirmed Plaintiff's contention that $1,239,247.00 was the net sale on the Target account. *See* Def's Answer Interrogs., at 3. Per the parties' Sales Representative Agreement, Plaintiff's commission on the Target account is ten percent on net sales, thus Plaintiff's commission is $123,924.70. Therefore, it is the Magistrate Judge's Report and Recommendation that $123,924.70 be set as the amount of Plaintiff's compensatory damages.

### B. Exemplary Damages Analysis

Plaintiff seeks treble damages under the Illinois Sales Representative Act, 820 ILL. COMP. STAT. 120/3, which provides:

> A principal who fails to comply with the provisions of Section 2 concerning timely payment or with any contractual provision concerning timely payment of commissions due upon the termination of the contract with the sales representative, shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative. Additionally, such principal shall pay the sales representative's reasonable attorney's fees and court costs.

In order for Defendant to be liable for exemplary damages under the Act, there must be evidence

---

[2] At the hearing, it was stated that Plaintiff was owed approximately $8,000 in commissions on the CVS account, $12,000 on the ShopRite account, and $9,000 on the Kroger account, but no documentation was provided. This inadequate proof of damages leaves the court with no choice but to leave the alleged amounts owed on the CVS, ShopRite, and Kroger accounts out of its award recommendation.

to support a finding of willful and wanton conduct. The Seventh Circuit has defined willful and wanton under this Act as "intentional and egregious conduct." *See Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569 (7th Cir. 1995).

In this case, Defendant argues that there have been and can be no findings of willful and wanton conduct by the court because Plaintiff did not allege willful and wanton conduct in its Complaint and because Defendant's conduct in not paying Plaintiff its commission was undertaken in good faith. In support of this, Defendant alleges the parties were in dispute about what constituted "net sales" and whether Plaintiff performed under the agreement at issue.

Defendant's contentions come too late. Default Judgment has been entered and liability under the Act has been decided. Plaintiff has been owed substantial commission payments since September, 2002.[3] Defendant acknowledged that it did owe Plaintiff at least some amount of commission, but made no effort to tender any payment to Plaintiff, in violation of the parties' Sales Representative Agreement. Defendant's retention of Plaintiff's commission was thus intentional and done with complete indifference to the rights of Plaintiff under the parties' agreement. As such, it is the Magistrate Judge's Report and Recommendation that Plaintiff's compensatory damages award be trebled.[4]

---

[3]Plaintiff asserts that it was entitled under the Illinois Sales Representative Act to be paid by June 30, 2002, but notes that by September, 2002, Defendant had collected approximately $1.239 million dollars on the Target account, thus entitling them to payment, at the very latest, by October, 2002.

[4]Plaintiff's Motion for Damages appears to argue that the court should award treble compensatory damages on top of awarding the original compensatory damage amount. The court does not read the Illinois Act as allowing this as it states liability is not to exceed "3 times the amount of the commissions owed." 820 ILL. COMP. STAT. 120/3.

### C. Attorney's Fees and Costs

Plaintiff is entitled to attorney's fees and costs under the Illinois Sales Representative Act, 820 ILL. COMP. STAT. 120/3. Plaintiff's fee arrangement with counsel was a $5,000.00 retainer combined with a twenty-five percent contingency fee on any recovery. Plaintiff's $5,000 retainer would be credited, should there be recovery. No other evidence on attorney's fees was presented to the court, and no evidence was presented that Plaintiff did in fact pay its attorney $5,000.00. The costs of the suit have also not yet been submitted to the court. As such, it is the Magistrate Judge's Report and Recommendation that Plaintiff be awarded $5,000 in attorney's fees plus reasonable costs to be determined at a later date.

### D. Conclusion

Based on the foregoing, it is the Report and Recommendation of the Magistrate Judge that Plaintiff be awarded $123,924.70 in compensatory damages, that the compensatory damages be trebled, plus $5,000.00 in attorney's fees and costs to be determined at a later date, totaling $376,774.10 plus costs.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 11/5/04